**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 23-7739-JFW (JPRx)**                    Date:  September 27, 2023

Title:    Decro Corporation -*v*- Indiedwell Colorado, et al.

**PRESENT:**
**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

**Shannon Reilly**                                **None Present**
**Courtroom Deputy**                            **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                            None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

On September 15, 2023, Plaintiff Decro Corporation ("Plaintiff") filed a Complaint in this Court against Defendant Indiedwell Colorado ("Defendant"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).  However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  *See, e.g., Bank of America, N.A. v. Remington Place Homeowner's Association*, 836 Fed. Appx. 580, 581 (9th Cir. 2021) ("Bank of America alleges that Remington Place Homeowners' Association 'is a Nevada non-profit corporation,' but a corporation is a citizen of both its state of incorporation 'and . . . the State where it has its principal place of business'") (*quoting Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)).  Although Plaintiff has alleged that it is a California corporation and Defendant is a Colorado corporation, it has failed to allege the principal place of business for either Plaintiff or Defendant.  Complaint, ¶¶ 4-5.  In addition, Plaintiff alleges Defendant's citizenship "upon information and belief."  Complaint, ¶ 5.  Jurisdictional allegations based on information and belief are insufficient to confer jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege

affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc*., 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963). Therefore, Plaintiff has failed to demonstrate that complete diversity exists.

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **October 4, 2023**, why this action should not be dismissed for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.   If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before **October 4, 2023**, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Initials of Deputy Clerk   sr